## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1141

THOMAS W. FERRARA

VERSUS

LOUISIANA ELASTOMER, LLC

************

## APPEAL FROM THE
## SEVENTH JUDICIAL DISTRICT COURT
## PARISH OF CONCORDIA, DOCKET NO. C-11-46756
## HONORABLE LEO BOOTHE, PRESIDING

************

## SYLVIA R. COOKS
## JUDGE

************

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

**AFFIRMED.**

Bernard S. Johnson
Kristina B. Gustavson
Cook, Yancey, King & Galloway, APLC
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
COUNSEL FOR PLAINTIFF-APPELLEE:
    Thomas W. Ferrara

D. Scott Landry
Jonathan C. McCall
Kurt D. Duncan
Chaffe McCall, L.L.P.
103 Two United Plaza
8550 United Plaza Blvd.
Baton Rouge, LA 70809
COUNSEL FOR DEFENDANT-APPELLANT:
    Louisiana Elastomer, L.L.C.

**COOKS, Judge.**

Plaintiff, Thomas W. Ferrara, began working for Defendant, Louisiana Elastomer, LLC (hereafter LAEL), in June 2007 as Executive Vice President. On April 20, 2010, Plaintiff entered into an Employment Agreement with LAEL to serve as its Executive Vice President, Chief Financial Officer, and member of the Board of Directors for a term of three years. Under the provisions of the agreement, LAEL agreed it would compensate Plaintiff under Section 3 of the agreement (which provided for an annual base salary of $175,000.00) as long as he, his wife, or his estate remained subject to a guaranty of any present or future loans made to LAEL. Section 9 of the Employment Agreement provided as follows:

> 9. Guarantor Rights. Notwithstanding any provision or language in Section 4 or Section 5 of this Employment Agreement, as long as the Employee, the Employee's Spouse, or the Employee's estate is subject to a guarantee of any of the current or future loans to the Company, the Company shall be [sic] compensate the Employee of the Employee's estate pursuant to Section 3 of this agreement as long as the Employee, the Employee's spouse, or the Employee's estate are subject to the loan guarantee(s).

In accordance with the agreement, Plaintiff and his wife, Linda Ferrara, executed and are personally subject to several continuing obligations guaranteeing loans for LAEL.

According to Plaintiff, on September 20, 2011, LAEL informed him it wished to terminate his employment because "[h]is position was not needed." The following day, Plaintiff contends LAEL attempted to alter the terms of the Employment Agreement by amendment. Plaintiff did not accept the new terms and refused to sign the amendment. LAEL then ceased paying Plaintiff the agreed upon salary.

Plaintiff then filed suit against LAEL, alleging LAEL breached the contract and Plaintiff was entitled to damages in the form of all compensation due pursuant

to Sections 3 and 9 of the employment agreement, as well as attorney fees under Section 8 of the employment agreement.

LAEL filed an answer and reconventional demand, generally denying the main allegations and specifically listing the affirmative defense that the Employment Agreement of April 20, 2010, had not been properly authorized by LAEL.

On February 1, 2011, Plaintiff filed a Motion for Partial Summary Judgment, asserting that he was entitled to enforce the provisions of Sections 3 and 9 of the Employment Agreement which set forth that Plaintiff should continue to be compensated provided he and his wife are guarantor's of LAEL's debt.

LAEL opposed Plaintiff's Motion for Partial Summary Judgment on the following grounds: (1) the Employment Agreement was not properly authorized by LAEL; (2) the Employment Agreement did not accurately reflect the parties' understanding concerning termination for cause; (3) Plaintiff failed to perform his obligations under the Employment Agreement thereby causing "dissolution" of said agreement; and (4) in a separate agreement, the parties decided Plaintiff could not draw compensation after termination.

A hearing on the Motion for Partial Summary Judgment was held on April 23, 2012. The trial court took the matter under advisement, and on May 23, 2012, entered the following Written Reasons for Judgment:

> There does not exist a genuine dispute. The defendant's answer to the lawsuit states in paragraph 2 and 3 to wit:

> "The employment agreement is a written document, which itself is the sole and best evidence of its contents."

> There is no dispute of the fact that Thomas W. Ferrara and/or his wife are guarantors on outstanding loans made to the company.

> The three claims in opposition are without merit.

> Defendant seeks to reform a written contract by anticipated oral testimony which is not admissible. Parol evidence is only acceptable

to negate or vary the terms of a written document in circumstances of vice of consent, error, fraud, duress, or a subsequent valid, oral agreement.

The exhibits do not present any valid basis to receive parol evidence to vary the terms of the written contracts. In fact, Provision 12 amendment governs any amendments to wit:

"This agreement may be amended or modified only by a written instrument executed by both the company and employee."

Thomas W. Ferrara is entitled to a partial summary judgment in accord with the motion.

In accordance with this, Judgment granting Plaintiff's Partial Motion for Summary Judgment was entered in the record. LAEL appealed.

## ANALYSIS

LAEL first contends, as it did below, that the Employment Agreement is unenforceable because it was never properly authorized by LAEL. We disagree.

Plaintiff points out to this Court that LAEL attempts to argue, among other failures in his job performance, that Plaintiff failed to properly act as a fiduciary, did not carry out the wishes of LAEL's Board of Managers, and did not pay taxes owed by the company. However, in the same breath, LAEL argues Plaintiff is not entitled to his compensation under the Employment Agreement as *he was never properly employed* because the agreement was not properly authorized. Plaintiff notes the hypocrisy of LAEL's attempts to accuse Plaintiff of behavior justifying termination when it also argues Plaintiff was never properly employed because the Employment Agreement was not authorized.

The record establishes the Employment Agreement was prepared by LAEL, and was presented to Plaintiff for his signature. Plaintiff signed the agreement on his behalf, and Michael Wells, LAEL's President, signed the agreement on LAEL's behalf. In its Answer and Reconventional Demand, LAEL specifically stated "the Employment Agreement is a written document, which is itself the sole and best evidence of its contents." We have found no genuine issue of material fact in the

record regarding LAEL's authority to enter into the Employment Agreement. This assignment of error has no merit.

In its other assignments of error, LAEL argues parol evidence, in the form of the affidavits of Ronald Lane and Michael Wells (who were both, at different times, President and CEO of LAEL and members of the Board of Managers), should be received to vary the terms of the Employment Agreement. We find the trial court did not err in finding parol evidence was not admissible in this case.

LAEL argues the Employment Agreement "does not reflect the parties' true intent and should not be enforced but should be reformed to reflect that intent." To establish this alleged "true intent of the parties," LAEL attempted to introduce the affidavits of Lane and Wells. Essentially, LAEL argues Plaintiff was terminated from his position for cause and, as a result, the Employment Agreement should be reformed to reflect that the parties intended a different outcome would result were Plaintiff to be terminated for cause. There are several problems with this argument.

Initially, there is no basis in the record for LAEL's self-serving contention that Plaintiff was terminated for cause. Plaintiff notes LAEL neither pled termination for cause as a fact nor offered any proof of it in opposition to the motion for partial summary judgment. In the Answer and Reconventional Demand filed by LAEL, it stated that Plaintiff was "*currently* the Executive Vice President and CEO" of LAEL. Further, during the hearing before the trial court, LAEL did not maintain Plaintiff was terminated for cause, stating to the trial court "[*i]f* Ferarra was terminated, as he contends. . ." The record is clear LAEL did not allege, prior to the hearing on the motion for summary judgment, that Plaintiff was terminated, much less for cause. Thus, such allegations now made on appeal cannot create a genuine issue of material fact to preclude summary judgment.

Moreover, we also disagree that the affidavit of Ronald Lane creates an issue of material fact as to whether Plaintiff was terminated for cause. Lane stated in in his affidavit that "*[a]ccording to Ferrara*, he has been terminated as an officer," and "[s]ubstantial grounds *existed* for the termination of Ferrara with cause." Neither of these statements is a declaration that Plaintiff was in fact terminated for cause and cannot serve to create a genuine issue of fact to thwart Plaintiff's motion for summary judgment.

LAEL also argues a "mistake was made in the drafting of the Employment Agreement," which would entitle it to reform the contract. We note at the hearing on Plaintiff's Motion for Partial Summary Judgment, LAEL acknowledged it prepared the Employment Agreement and "made a mistake" by "fail[ing] to include [a] for-cause provision in the employment agreement that was issued." However, despite the apparent contention that a "mistake" was made in the drafting of the Employment Agreement, no such allegation was made in LAEL's Answer and Reconventional Demand. As Plaintiff notes, reformation of a contract is an equitable remedy which must be affirmatively sought by the party claiming the relief, and that party must bear the burden of establishing mutual error and must establish it by clear and convincing evidence. See *Walker v. Jim Austin Motor Company*, 162 So.2d 135 (La.App. 1 Cir.1983). LAEL failed to seek such relief, and did not mention any allegation of mistake until the filing of the opposition to the motion for partial summary judgment.

LAEL also contends in brief that the Employment Agreement includes terms it did not contend for it to contain. Louisiana Civil Code Article 2046 provides, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." However, as LAEL acknowledged in its answer, the "Employment Agreement is a written document, which is itself the sole and best evidence of its

contents." The agreement clearly sets forth that LAEL will pay Plaintiff the compensation due as long as he or his wife are guaranteeing any loans to LAEL. There is no dispute that Plaintiff and his wife have continued to guarantee several loans on LAEL's behalf.

Lastly, as Plaintiff notes, the Employment Agreement provides by its own terms that termination of the employee can only occur by providing "written notice by the Company to the Employee." The record indicates no such notice was ever provided, nor does LAEL allege any such notice was given. Thus, under the terms of the Employment Agreement, no termination for cause occurred in this case.

LAEL also argues because Plaintiff allegedly failed to perform his obligations under the Employment Agreement, LAEL has the right to consider the agreement dissolved. Paragraph 10 of the Employment Agreement specifically provides that the provisions of Paragraph 9, which provide that as long as the Employee, his spouse, or estate continue to guaranty the loans, he shall receive his compensation, "shall survive" even if the remainder of the agreement is terminated. The sole issue of Plaintiff's Motion for Partial Summary Judgment was his entitlement to post-employment compensation. Thus, even assuming LAEL's factual allegations had any merit, they do not create a genuine issue of material fact relative to the relief sought by Plaintiff in his Motion for Partial Summary Judgment.

In conclusion, we find the trial court correctly determined no genuine issues of material fact existed which prevented it from rendering summary judgment in Plaintiff's favor. By the clear and explicit provisions of the Employment Agreement, Plaintiff was entitled to receive the agreed upon compensation provided he and his wife continued to guarantee loans on LAEL's behalf. The record is unequivocal that Plaintiff and his wife are currently guarantors on outstanding loans made to LAEL. The trial court did not err in finding parol

evidence was inadmissible to vary the terms of the Employment Agreement, as the terms of the agreement were clear.

## DECREE

For the foregoing reasons, we affirm the trial court's grant of Plaintiff's Motion for Partial Summary Judgment.  All costs of this appeal are assessed to appellant, LAEL.

**AFFIRMED.**